**MOUNTAINEER SHAFT AND TUNNEL CONSTRUCTION COMPANY,**
Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD, Respondent,**

**United Mine Workers of America,**
Intervenor.

No. 78–1097.

United States Court of Appeals,
Sixth Circuit.

June 27, 1980.

Donald L. Rosenthal, Loomis, Owen, Fellman & Coleman, William H. Howe, Richard A. Steyer, Washington, D. C., for petitioner.

Elliott Moore, Deputy Associate Gen. Counsel, N.L.R.B., John Ferguson, Frederick Havard, Washington, D. C., Emil Farkas, Director, Region 9, N.L.R.B., Cincinnati, Ohio, for respondent.

Harrison Combs, Washington, D. C., John B. Rayson, Knoxville, Tenn., for intervenor United Mine Workers of America.

Before CELEBREZZE, ENGEL and MARTIN, Circuit Judges.

## ORDER

This matter is before the court upon cross-petitions for review and enforcement respectively of an order of the National Labor Relations Board, 234 NLRB 929 (1978), determining that petitioner Mountaineer Shaft and Tunnel Construction Company (Mountaineer) violated section 8(a)(2) and (1) of the National Labor Relations Act. The Board found that Mountaineer unlawfully recognized the Southern Labor Union (SLU) as the collective bargaining agent for its employees, negotiated a contract with the SLU, locked out the employees to force them to ratify the contract and to affirm the Southern Labor Union as their collective bargaining representative. The Board also determined that the company violated Section 8(a)(1) of the Act by threatening to close the job site if the employees failed to affirm the Southern Labor Union as their collective bargaining representative. In addition, the Board ordered the company to reimburse the initiation fees and dues which the employees paid pursuant to the collective bargaining agreement which it found had been unlawfully imposed upon them.

Upon consideration of the record as a whole, the court is of the opinion that substantial evidence supports the findings of the Board in all respects except that portion of its order which compels the company to reimburse the employees for initiation fees and dues deducted. In this re-

spect the court is of the opinion that the 17 employees who signed union authorization cards for the SLU had done so voluntarily and without any coercion on the part of the employer. Therefore, as to those employees, the Board lacked authority to order reimbursement of dues and fees. *Local 60 Carpenters v. NLRB*, 365 U.S. 651, 81 S.Ct. 875, 6 L.Ed.2d 1 (1961). This is particularly true since the authorization cards specifically permitted check-off for such dues. Accordingly,

IT IS ORDERED that enforcement of so much of the Board's order as compels reimbursement of dues and fees to the 17 employees who signed union authorization cards is denied, but that in all other respects the order of the Board is enforced.